UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| Simon Schatzmann, John Messina, and John Lezotte<br><br>Plaintiffs,<br><br>v.<br><br>Harris Partners Ltd, Harris Trust Partners LLC and Edward P. Harris, an individual,<br><br>Defendants. | COMPLAINT FOR DAMAGES<br><br>Case No. 2021-cv-7301<br><br>**Jury Trial Requested** |

## INTRODUCTION

1. Defendants never paid Plaintiffs for their work. Plaintiffs worked for Defendants company pursuant to formal recruitment and hiring efforts, offer letters, and other trappings of normal employment relationships. Defendants proactively sought out "experienced regional sales executives… with deep established client contacts for the wale of high-quality professional services… [who could] hit the ground running with immediate results from their own network of contacts…" However, their months of work yielded only empty promises of forthcoming payment, that never came to fruition.

2. To challenge their wage nonpayments and other violations of law, Plaintiffs bring this action, by and through counsel, against Defendants Harris Partners Ltd, Harris Trust Partners LLC, and Edward Harris, an individual, to recover unpaid or underpaid wages and other damages under the provisions of the Fair Labor Standards Act of 1938, as

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

amended, 29 U.S.C. § 201, *et seq.* (hereinafter "FLSA") and the New York Lab. Law, Art. 19, § 650, *et seq.* (hereinafter, "NYLL"). Plaintiffs also bring state law claims for conversion, breach of contract, and unjust enrichment related to the same events.

## JURISDICTION AND VENUE

3. This Court has jurisdiction over the subject matter of the action pursuant to 28 U.S.C. § 1331, by virtue of federal questions, 29 U.S.C. § 201 *et seq.* of the FLSA.

4. This Court has supplemental jurisdiction over Plaintiffs' state law claims by authority of 28 U.S.C. § 1367.

5. Venue lies with this Court pursuant to 28 U.S.C. § 1391(b) and 29 U.S.C. § 201 *et seq.* A significant portion of the events giving rise to the instant litigation occurred in New York and one or more of the Defendants named herein resides, or at relevant times did reside, in this district.

## PARTIES

### Harris Partners Defendants

6. Collectively the "Harris Partners" entities are an enterprise that offer its services to the public as being a "transatlantic strategic marketing projects partner."

7. Plaintiffs' offer letter was on letterhead bearing "Harris Partners" at the top and the address "445 Park Avenue, 9th Floor, New York NY 10022" at the bottom.

8. There are at least two corporate entities associated with this enterprise, Defendants Harris Partners Ltd and Harris Trust Partners LLC.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

9. At all relevant times, Defendants' business activities were related and performed through unified operations or common control for a common business purpose and constituted an "enterprise" within the meaning of the FLSA, 29 USC §203(r).

10. Defendant **Harris Trust Partners LLC** is a Delaware corporation doing business within New York City. Its registered agent is listed with the Delaware Department of State as Agents and Corporations, Inc. with an address of 1201 Orange St, Ste 600, One Commerce Center, Wilmington DE 19801.

11. Defendants issued Plaintiff a check (on which they later issued a stop payment request) bearing the payor's address block of "Harris Trust Partners LLC, 445 Parke Avenue, 9th Floor, New York NY 10022"

12. Harris Trust Partners LLC has a lien against it from the Texas Department of Workforce Commission in the amount of $15,000. Its address is listed there as "445 PARK AVE FL 9"

13. 445 Park Avenue, 9th Floor is a Regus coworking space.

14. Defendant **Harris Partners Ltd** is a foreign corporation doing business within New York, but is not registered with the New York.

15. Defendant Edward P Harris is the chairman and/or CEO of these entities.

16. The enterprise doing business as Harris Partners uses or has used the URL harrisltd.co.uk and has had various email addresses associated with that URL that have been used to conduct business.

17. At all relevant times, Harris Partners had annual gross revenues in excess of $500,000.

18. At all relevant times, Harris Partners was engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. §§ 206(a)

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Schatzmann v. Harris Partners LTD*
USDC, SDNY

Complaint
Page 3

and 207(a).

19. At all times material to this action, Harris Partners was subject to the FLSA and was an "employer" of the Plaintiffs, as defined by § 203(b) of the FLSA.

**Defendant Edward P. Harris**

20. Defendant Edward P. Harris is, or was at relevant times, a resident of New York.

21. Defendant Harris, a British citizen, has stated an intent to return to the United Kingdom.

22. Defendant Harris has an ownership interest in and/or is a shareholder of Harris Partners Ltd. and Harris Trust Partners LLC.

23. Defendant Harris is one of the ten largest shareholders of Harris Partners Ltd. and Harris Trust Partners LLC.

24. Defendant Harris actively participated in the business of Harris Partners.

25. At all times material to this action, Defendant Harris exercised substantial control over the functions of the company's employees including Plaintiffs.

26. At all times material to this action, Defendant Harris was an "employer" of the Plaintiff, as defined by § 203(b) of the FLSA.

27. Plaintiffs' primary supervisor was Edward Harris. He hired them, set their rates of pay, directed their activities, and signed their offer letters and (nonnegotiable) checks.

**Plaintiffs**

28. Plaintiff Simon Schatzmann is a resident of Long Island City, New York.

29. Plaintiff John Messina is a resident of Brooklyn, New York.

30. Plaintiff John Lezotte is a resident of Piedmont, California.

31. At all times material to this action, Plaintiffs were "employees" within the meaning of 29 U.S.C. § 203(e) and the NYLL.

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Schatzmann v. Harris Partners LTD*
USDC, SDNY

Complaint
Page 4

32. Each of the three Plaintiffs worked for Harris Partners as a "Vice President of Sales."

33. The job was posted as being, and was, "remote" and home based, with a preference that applicants live in or near New York City.

34. Plaintiff Schatzmann's start date was June 1, 2020

35. Plaintiff Messina's start date was on or about May 18, 2020

36. Plaintiff Lezotte's start date was approximately late May, 2020.

37. The Plaintiffs' end date is indeterminate.  In October and November, 2020, the Plaintiffs were still receiving emails from Defendant Harris, all using the Defendants' URL-based email addresses, referring to them as the "sales team" and promising that backpay would be forthcoming.

38. Each of the Plaintiffs' rate of pay was stated to be a base salary of $120,000.00 per year plus commissions, bonus, stock options, and other benefits.

39. Defendants did not pay Plaintiffs at all.

40. Defendants failed to pay Plaintiffs at or above the state and federal minimum wage rates in effect at the time.

41. While working in this capacity, Plaintiffs were not expected to, and did not, keep track of their time worked. They estimate they generally worked a typical workweek of around 45 hours a week, from around 8:00am to 6:00pm five days a week.

### LEGAL CLAIMS

### As And For A First Cause of Action:
### FAIR LABOR STANDARDS ACT (FLSA) VIOLATIONS

42. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Schatzmann v. Harris Partners LTD*
USDC, SDNY

Complaint
Page 5

here.

### *Failure To Pay Minimum Wage*

43. Defendants failed to pay Plaintiffs at or above the minimum wage, in violation of the FLSA.

### *Failure To Pay Time Overtime Properly*

44. Defendants failed to compensate Plaintiffs at a rate of one and one half times their normal hourly rate(s) for all hours over 40 worked in a workweek, in violation of the FLSA.

### *Record-Keeping Failures*

45. At all relevant times, Defendants failed to make, keep, and preserve accurate records regarding the wages, hours, and other conditions of employment of Plaintiff, in contravention of the FLSA and affiliated Regulations, 29 U.S.C. §§ 211(c), 215(a)(5) and 29 C.F.R. § 516.

### *Willful & Not Based On Good Faith & Entitlement to Damages*

46. Defendants had no good faith basis for believing that their pay practices as alleged above were in compliance with the law.

47. The foregoing conduct constitutes a "willful" violation of the FLSA, 29 U.S.C. § 255(a).

48. As a result of the violations by Defendant of the FLSA, the Plaintiffs are entitled to all damages available under the FLSA which include, but are not limited to, all unpaid minimum wages, overtime, liquidated damages, attorney fees, costs, and interest, as set forth in the FLSA, more specifically 29 U.S.C. § 216(b).

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Schatzmann v. Harris Partners LTD*
USDC, SDNY

Complaint
Page 6

## As And For A Second Cause of Action:
## NEW YORK LABOR LAW (NYLL) VIOLATIONS

49. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference replead and incorporate them as though fully set forth here.

50. At all relevant times, Plaintiff was employed by Defendants within the meaning of the New York Labor Law, §§ 2 and 651.

### Failure To Pay Earned Wages

51. Defendants failed to pay Plaintiffs their earned wages, in violation of NYLL §§ 193, 663.

### Failure To Pay Minimum Wage

52. Defendants failed to pay Plaintiffs the minimum wage for all hours they worked, in violation of NYLL § 652.

### Failure To Pay Overtime

53. Defendants failed to compensate Plaintiffs at a rate of one and one half times their normal hourly rates for hours over 40 in a workweek, in contravention of N.Y. Comp. Codes R. & Regs. tit. 12, § 142-2.2.

### Failure To Pay Wages At Prescribed Frequency

54. Plaintiffs were not consistently paid on regular paydays designated in advance by the employer not less frequently than semi-monthly, in violation of NYLL § 191(1)(d).

### Record-Keeping Failures

55. At all relevant times, Defendants failed to keep true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, the wages paid to all employees, and other similar information in contravention of NYLL § 661.

56. At all relevant times, Defendants failed to establish, maintain and preserve for not less

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY 10004
212.961.7639
www.andersondodson.com

*Schatzmann v. Harris Partners LTD*
USDC, SDNY

Complaint
Page 7

than three years payroll records showing the hours worked, gross wages, deductions and net wages for each employee, in contravention of NYLL § 195(4) and 12 N.Y. Comp. Codes R. & Regs. 142-2.6.

57. Defendant failed to keep a time book showing the names and addresses of its employees and the hours worked by each of them in each day, in contravention of NYLL § 161(4).

*Damages*

58. Due to Defendant's New York Labor Code violations, Plaintiffs are entitled to recover their unpaid wages, overtime, liquidated damages, interest, reasonable attorneys' fees, and costs associated with bringing the action.  NY Lab. Code § 663(1).

### As And For A Third Cause of Action:
### CONVERSION

59. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

60. By employing but refusing to pay Plaintiffs for their work, Defendants have committed theft of services, and conversion.

61. In addition, Defendants in essence stole the Plaintiffs' contact lists and relationship assets in order to use them for their own purposes.

### As And For A Fourth Cause of Action:
### BREACH OF CONTRACT/UNJUST ENRICHMENT

62. Plaintiffs reallege and incorporate by reference each allegation contained in the paragraphs above, and by reference repleads and incorporates them as though fully set forth here.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

63. Plaintiffs agreed to perform certain functions for Defendants, in exchange for certain compensation.

64. Specifically, Defendants agreed to pay Plaintiffs $120,000 a year, plus other earned compensation and benefits.

65. By failing to pay Plaintiffs these amounts Defendants breached their contract of employment with Plaintiffs.

66. In the alternative, were a contract not found to exist, Defendants have been unjustly enriched by withholding monies that rightfully belong to Plaintiff. Defendants are liable to Plaintiffs in the amount of compensation unlawfully withheld from to them, and other appropriate damages.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully request that this Court grant the following relief:

(A) Award Plaintiffs unpaid and underpaid wages due under the FLSA and the New York Labor Law;

(B) Award Plaintiffs liquidated damages in the amount of their unpaid FLSA wages pursuant to 29 U.S.C. § 216(b);

(C) Award Plaintiffs liquidated damages pursuant to NYLL § 663;

(D) Award Plaintiffs damages related to their conversion claims;

(E) Award Plaintiffs interest;

(F) Award Plaintiffs the costs of this action together with reasonable attorneys' fees; and

(G) Award such other and further relief as this Court deems necessary and proper.

AndersonDodson, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Schatzmann v. Harris Partners LTD*
USDC, SDNY

Complaint
Page 9

## **DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury on all questions of fact raised by the complaint.

Respectfully submitted, this **31st** day of **August, 2021.**

ANDERSONDODSON, P.C.

s/ *Penn Dodson*
**Penn A. Dodson (PD 2244)**
*penn@andersondodson.com*
11 Broadway, Suite 615
New York, NY  10004
(212) 961-7639 direct
(646) 998-8051 fax

ANDERSONDODSON, P.C.
11 Broadway
Suite 615
New York, NY  10004
212.961.7639
www.andersondodson.com

*Schatzmann v. Harris Partners LTD*
USDC, SDNY

Complaint
Page 10