

October 20, 2021

Katherine Polk Failla
Thurgood Marshall
United States Courthouse
40 Foley Square
New York, NY 10007
*failla_nysdchambers@nysd.uscourts.gov*
<u>Via ECF & Courtesy Copy Via Email</u>



Re:   *Schatzmann v Harris Partners LTD, et al*  1:21-cv-7301-KPF-GWG
      <u>Motion To Permit Discovery</u>

Your Honor:

We represent the Plaintiffs in the above-referenced action. We filed this case on 8/31/21. [Dkt. 1]. We seek permission to engage in third party discovery prior to the appearance of the Defendants in this matter for the following reasons.

We have made several attempts to effectuate service but thus far have not yet succeeded. We would like to subpoena the records of certain companies that may have additional information regarding their whereabouts.

<u>Service Efforts</u>
First, we prepared formal Waiver of Service forms pursuant to Fed.R.Civ.Proc. 4 and submitted them to the Defendants, but the Defendants have not responded to or executed these forms.

We also attempted to serve the Defendant Harris Partners Ltd. at its office located at 445 Park Avenue, 9th Floor, New York, NY 10022.  Our process server was unable to enter the building without first being cleared by security (See Dkt. 9, Affidavit of Due Diligence). This is a Regus office (coworking space) and does not appear to be a location at which the Defendants or their agents frequent.

The other corporate Defendant is a Delaware entity. It did have a registered agent, but by the time we were about to have it served upon that entity, the listing showed that there was no registered agent assigned. We are in the process of serving the Secretary of State as per Delaware rules.

In response to our pre-suit demand letters, someone (we believe Defendant Harris) responded to our email, indicating that the company was about to file for bankruptcy and Mr. Harris would be returning to the UK, where he is from. Based on this it appears that the defendants have been evading our attempts to locate and serve them.

### Discovery Leave Request

FRCP 26(d)(1) says that "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except in a proceeding exempted from initial disclosure under Rule 26(a)(1)(B), or when authorized by these rules, by stipulation, or by court order."

We ask for an order permitting discovery prior to conducting a Rule 26(f) conference in order to find out more information about the Defendants. More specifically, we ask for permission to serve subpoenas on the following entities:

- Citizens Bank National Association [the bank from which a check was issued to one of the Plaintiffs (and later bounced)]
- Indeed Hire Inc. [the online resource through which the company posted the job offerings the Plaintiffs accepted]
- Regus [office space Defendants claim to be their primary physical location]

Thank you for your consideration of this request.

Sincerely,

Penn Dodson, Esq.
*penn@andersondodson.com*

Application GRANTED.

For the reasons stated in Plaintiffs' above letter, the Court finds good cause to allow expedited discovery under Federal Rule of Civil Procedure 26.  See also adMarketplace, Inc. v. Tee Support, Inc., No. 13 Civ. 5635 (LGS), 2013 WL 4838854, at *2 (S.D.N.Y. Sep. 13, 2013) ("When considering whether to grant a motion for expedited discovery prior to the Federal Rule of Civil Procedure Rule 26(f) conference, courts apply a flexible standard of reasonableness and good cause." (internal quotation marks omitted)).

Accordingly, Plaintiffs are permitted to issue subpoenas under Federal Rule of Civil Procedure 45 to: (i) Citizens National Bank Associations; (ii) Indeed Hire Inc.; and (iii) Regus.  Plaintiffs shall use such subpoenas solely for the purpose of obtaining information necessary to serve Defendants.

The Clerk of Court is directed to terminate the motion at docket entry 10.

Dated:   October 21, 2021
         New York, New York

SO ORDERED.

HON. KATHERINE POLK FAILLA
UNITED STATES DISTRICT JUDGE