

September 19, 2023

Hon. Katherine Polk Failla
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007



VIA ECF ONLY

      Re:    *Schatzmann v Harris Partners LTD;* 1:21-cv-7301
             <u>Response to Dkt. 52 + Motion to Stay Discovery</u>

Your Honor:

We represent the Plaintiffs in the above-referenced action. Pursuant to your Order dated September 14, 2023 [Dkt. 53], we hereby submit the following response to Defendant's request for an extension of time, and also ask that the Court stay discovery for the time being.

<u>PROCEDURAL ISSUES</u>
In lieu of providing a substantive Response to Plaintiff's Motion [Dkt. 51] Defendant requested an extension of time to respond, for a period of approximately four <u>years</u>, until he his released from prison. [Dkt. 52]. That request is unreasonable and should be denied. The Plaintiffs would be further prejudiced than they already have been by that kind of delay.

Defendant is not entitled to extraordinary leniency of the magnitude requested here. Defendant's request also takes place in the context of there having been multiple delays in the case already. As one example, Defendant promised multiple times that he was about to secure counsel, and then that never materialized. [<u>See</u> Dkt. 36, 40]. The leniency the Court provides to *pro se* litigants is not without limits. <u>See, e.g.</u> *Muniz v. Goord*, No. 9:04-CV-0479, 2007 WL 2027912, at *6 (N.D.N.Y. July 11, 2007) (applying a "sliding scale" of leniency to a *pro se* party). Also, while prisoners' due process rights should be protected in regard to the criminal proceedings affecting their freedoms or their treatment within the prison system, that should not mean that an incarcerated felon should be entitled, in a civil matter unrelated to his criminal term, to receive extraordinary procedural relief over and above what any other civil litigant would get. Many litigants have challenges locating or retrieving documents on which they wish they could rely and either use creative means to retrieve them (like in this case asking someone else to look for the documents he wants) or else have to live with the consequences of sometimes not being able to access them.

### SUBSTANTIVE ISSUES

Plaintiff's motion consisted of three interrelated parts: a motion to dismiss Defendant's counterclaims, a motion to strike the Answer due to non-responsiveness, and a request to deny Defendant's motion to dismiss.

Even if he had full access to all the documents he wanted, Defendant would not be permitted to rely on extrinsic evidence in support of his opposition. Plaintiffs' motion to dismiss the counterclaims and motion to strike the answer, and any responses thereto, must necessarily refer only to the pleadings themselves and rely on legal arguments.

As to the motion to dismiss, the Second Circuit has held as follows:

> Some district courts in this Circuit have treated motions to dismiss based on mandatory arbitration clauses as motions to compel arbitration. The district court here, however, specifically declined to do so because, it reasoned, Amazon had not explicitly or implicitly asked the court to order arbitration. We agree with the district court that because Amazon's motion to dismiss neither sought an order compelling arbitration nor indicated that Amazon would seek to force Nicosia to arbitrate in the future, it was proper not to construe the motion to dismiss as a motion to compel arbitration, to which the summary judgment standard would apply.…
>
> [W]hen it is apparent—on the face of the complaint and documents properly incorporated therein—that claims are subject to arbitration, a district court may dismiss in favor of arbitration without the delay of discovery. [ ] If, however, there is a dispute as to the relevance, authenticity, or accuracy of the documents relied upon, the district court **may not** dismiss the complaint....

*Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 230-231 (2d Cir. 2016) (emphasis added)

Also, the Defendant's motion to dismiss can and should be denied without even reaching the above issues, on the bases of the separate legal arguments Plaintiffs made (lack of standing, abrogation, waiver etc.)  Dkt. 51, pp. 8-9.

### CONCLUSION

Plaintiff's counsel proposes that either the Plaintiff's motion [Dkt. 51] be deemed unopposed, or that at most the Court provide order that the defendant provide a substantive response by a date certain, such as two or three weeks from the date of the order.

##### MOTION TO STAY DISCOVERY

Meanwhile, Defendant has issued formal discovery requests prematurely, as per FRCP 26(d)(1). The parties have not had a Rule 26 conference, and no discovery schedule has been set. More importantly than the technical timing rules, it is premature to start discovery given the nature of the pending motions and lack of clarity as to which claims are or are not going to be litigated. We ask that the Court clarify that the discovery period has not yet commenced or in the alternative, we move the court to stay discovery for the time being, as is commonly the case when a defendant has chosen to file a motion to dismiss.

Thank you for your consideration of these matters.

Sincerely,

Penn Dodson, Esq.
penn@andersondodson.com

---

The Court is in receipt of Defendant's motion for an extension of time to answer Plaintiffs' motion to dismiss Defendant's counterclaims, to deny Defendant's motion to dismiss the Complaint, and to strike Defendant's answer (Dkt. #52) as well as Plaintiffs' above response (Dkt. #54).

Given Defendant's current incarceration and the concomitant difficulty for Defendant to access key documents related to his potential response, the Court hereby ORDERS Plaintiffs to produce to Defendant (i) all employment agreements between any Plaintiff(s) and Defendant, as well as (ii) any other agreement(s) between any Plaintiff(s) and Defendant that include(s) an arbitration clause, on or before **October 23, 2023,** and to file proof of such production on the docket on or before **October 30, 2023.**  The Court further ORDERS Defendant to answer Plaintiffs' motion to dismiss Defendant's counterclaims, to deny Defendant's motion to dismiss the Complaint, and to strike Defendant's answer on or before **November 20, 2023.**

The Clerk of Court is directed to terminate the motion at docket entry 54 and to mail a copy of this Order to Defendant's address of record as reflected in the Court's April 22, 2022 Order (Dkt. #24).

Dated:    September 25, 2023              SO ORDERED.
          New York, New York

                                          HON. KATHERINE POLK FAILLA
                                          UNITED STATES DISTRICT JUDGE